IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 17-14458-J

TIMOTHY DENVER GUMM,

                                                                                         Plaintiff,

WASEEM DAKER,

                                                                   Interested Party-Appellant,

versus

RICK JACOBS,
Field Operations Manager, GDCP,
WARDEN,
RODNEY MCCLOUD,
Superintendent, GDCP,
WILLIAM POWELL,
Deputy Warden of Security, GDCP,
JUNE BISHOP, et al.,

                                                                Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Georgia

ORDER:

      Waseem Daker, a state prisoner proceeding *pro se*, moves for leave to proceed ("LTP") based on imminent danger. The instant appeal arises out of Daker's attempt to intervene in a civil action filed by Timothy Gumm, an inmate who currently is confined in "Tier III" segregation in the Special Management Unit ("SMU") at Georgia Diagnostic and Classification Prison ("GDCP"). Gumm filed a civil-rights complaint, pursuant to 42 U.S.C. § 1983,

challenging the conditions of his confinement at GDCP. In March 2017, Daker filed the instant motion for intervention as of right in Gumm's proceedings, or, alternatively, for permissive intervention. He claimed that he was then incarcerated at Georgia State Prison ("GSP") in Tier II segregation, and was subject to conditions identical to those that Gumm allegedly was subject to in Teri III SMU at GDCP.

A magistrate judge prepared a report and recommendation ("R&R"), recommending that the district court deny Daker's motion to intervene, in part because Daker was a three-striker under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Over Daker's objections, the district court adopted the R&R and denied Daker's motion to intervene. Daker filed a notice of appeal in this Court, and subsequently sought LTP from the district court, which the district court denied.

Daker now has filed a motion, and a supplemental motion, for LTP in this Court, in which he argues, *inter alia*, that he is not a three-striker. In any event, he argues, he is in imminent danger as a result of his placement in Tier II confinement. He also argues extensively that § 1915(g) is unconstitutional. Daker has also filed a motion for leave to file his LTP motion out of time, a motion for excess words/pages, a motion challenging the constitutionality of § 1915(g), and a motion to consolidate the instant appeal with appeal no. 18-11509.

Section 1915(g) of Title 28, commonly known as the "three strikes" provision, precludes a prisoner from bringing a civil action or appealing a civil judgment *in forma pauperis* if he has filed three or more civil suits that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Specifically, he must show that he is in imminent danger "at the time that he seeks to file his suit in district court or seeks to proceed with his

2

appeal or files a motion to proceed IFP." *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999).

On October 4, 2017, a judge of this Court designated Daker as a three-striker, pursuant to § 1915(g), because at least three of his prior civil actions were dismissed on the grounds of frivolity, maliciousness, or failure to state a claim upon which relief may be granted. This Court specifically identified four appeals, all of which became final by the end of November 2016, prior to when he initiated the instant appeal in October 2017. Thus, the identified strikes apply to the instant appeal, and he is precluded from bringing the instant action without prepaying the filing fee unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Daker's arguments that § 1915(g) is unconstitutional because it infringes up on his due-process rights and access to the courts, are foreclosed by this Court's precedent. *See Rivera v. Allin*, 144 F.3d 719, 724, 726–28 (11th Cir. 1998) (holding that § 1915(g)'s restrictions do not violate (1) the First Amendment right of access to the courts; (2) the Fifth Amendment right to due process; or (3) the Fifth and Fourteenth Amendment right to equal protection of the law), *abrogated in part on other grounds by Jones v. Block*, 549 U.S. 199, 215 (2007).

Additionally, to the extent that Daker argues that he is not subject to the restrictions of § 1915(g) on appeal because he was not required to pay a filing fee to intervene in Gumm's action, this argument fails. Even assuming that Daker was not required to pay a filing fee to intervene in Gumm's § 1983 action, he is subject to the appellate filing fee in the instant appeal. *See Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016) (holding that the PLRA calls for simultaneous, not sequential, recoupment of multiple filing fees incurred by an indigent prisoner); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015) (explaining that § 1915 "repeatedly

3

treats the trial and appellate stages of litigation as distinct"). Thus, he is subject to the requirements of § 1915(g) on appeal.

As to Daker's imminent-danger allegations, as an initial matter, they all concern the conditions of his confinement in Tier II segregation at GSP, referencing the actions of prison officials at that specific facility. However, since he filed the instant motions seeking LTP, he has been moved to a different prison facility, Macon State Prison ("MSP"). Since notifying this Court of his transfer to MSP, he has not filed any further supplement to his LTP motions, nor has he otherwise made any additional imminent-danger allegations concerning his confinement at MSP. Thus, the allegations he has put forth are moot, as they no longer are relevant to whether he is in imminent danger of serious physical injury. *See Medberry*, 185 F.3d at 1192-93.

In any case, Daker's pleadings, construed liberally and considered as a whole, do not sufficiently allege that he is in imminent danger of serious physical injury. His claims that he is being fed inadequately and is on yard restriction fail because his filings show that he is receiving a special meal plan, and he has not shown that he is presently at risk of immediate, serious, harm. *See Brown*, 387 F.3d at 1350. His claims that he is being denied adequate medical treatment for shoulder pain and possible nerve damage in his hands, and being denied adequate dental care for toothaches, also fail because his filings show that he has been provided with medical and dental care. Nor has he shown that he will suffer severe ongoing complications from any alleged inadequacies that would cause his condition to rapidly deteriorate. *Id.* Similarly, his claim that he is being exposed to feces and urine that is being thrown in the dormitory by other prisoners, causing him to have sinus infections and allergies and struggle with poor cell sanitation fail to meet the imminent-danger exception, as he has not shown that prison officials have totally

4

withdrawn treatment for serious medical conditions or that he will suffer severe ongoing complications as a result of the alleged condition of his cell. *Id*

Accordingly, Daker's motion for LTP based on imminent danger and supplemental motion for LTP based on imminent danger are DENIED, and he cannot proceed without prepaying the filing fee under 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(g); *Rivera*, 144 F.3d at 724. If Daker does not prepay the entire appellate filing fee within 14 days from the date of this order, this appeal will be dismissed for lack of prosecution without further notice, pursuant to Eleventh Circuit Rule 42-1(b).

Daker's motion for excess words/pages is GRANTED. His motion to file a motion for LTP out of time is DENIED AS UNNECESSARY. His motion challenging the constitutionality of § 1915(g) is DENIED for the reasons articulated above. Finally, his motion to consolidate the instant appeal with appeal no. 18-11509 is DENIED AS MOOT, as that appeal has been dismissed for want of prosecution.

/s/ Robin S. Rosenbaum
UNITED STATES CIRCUIT JUDGE